UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN J. KELLY,

    Plaintiff,

v.

MAX HUGEL,

    Defendant.

and

ROCKINGHAM VENTURE, INC.,

    Defendant, and
    Reach-and-Apply
    Defendant,

Civil Action No.:

**05-10460DPW**

MAGISTRATE JUDGE _Collings_

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the United States District Court for the District of Massachusetts:

1. The Petitioner, Max Hugel, respectfully shows that he is a named defendant, as captioned above, in an action brought by the Plaintiff, Brian J. Kelly, which is now pending in the Suffolk Superior Court, Suffolk County, Massachusetts, Civil Action No. 05-0869-BLS.

2. The above-named civil action pending in the Suffolk Superior Court was filed on or about March 7, 2005. Attached as Exhibit A is a copy of the Court date-stamped Verified Complaint.

{03155\06426\A0087264.1}

3. Upon information and belief, the time for Petitioner to file a notice of removal has not expired, and the co-defendant, Rockingham Venture, Inc., has consented to the removal of this action. By short order of notice, a hearing is scheduled for March 11, 2005 at the Suffolk Superior Court to address the Plaintiff's notice for injunctive relief.

4. <u>Jurisdiction</u>. Based on the allegations contained in the Verified Complaint, the state court action is a civil suit which may be removed to this Court by the Petitioner pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). The Plaintiff in the state court action is a resident of Massachusetts, and the Defendants are a New Hampshire resident (Max Hugel), and a New Hampshire corporation with a principle place of business in New Hampshire (Rockingham Venture, Inc.). The amount in controversy is $5,000,000.00. Therefore, the requirements for diversity under 28 U.S.C. § 1332(a) are satisfied and removal is proper pursuant to 28 U.S.C. § 1441(a).

5. <u>Venue</u>. Petitioner desires to remove this action pursuant to 28 U.S.C. § 1446(a), to the United States District Court for the District of Massachusetts because it is the district in which the action is now pending.

6. After the filing of this Notice of Removal in the United States District Court for the District of Massachusetts, (a) written notice of the filing of this Notice will be given by the attorneys for the Petitioner to the attorneys for the Plaintiff and Co-Defendant as provided by law, (b) a certified copy of this Notice will be filed with the Clerk of the Suffolk Superior Court, Suffolk County, and (c) certified copies of all pleadings on file in said Suffolk Superior Court, Suffolk County, Civil Action No. 05-0869-BLS, will be filed with this Court.

7. The Petitioner has a good and sufficient defense to the Plaintiff's claims in this action.

8. No previous application for removal has been made to this or any other Court with respect to this action.

WHEREFORE, Petitioner, Max Hugel, prays that this action be removed from the Suffolk Superior Court, Suffolk County, to the United States District Court for the District of Massachusetts.

Respectfully submitted,
MAX HUGEL,

By his attorneys,

Date: March 10, 2005

Mark J. Sampson, BBO # 552808
E-mail: msampson@devinemillimet.com
Matthew R. Johnson, BBO #
E-mail: mjohnson@deveinemillimet.com
Timothy E. Bray, BBO # 652398
E-mail: tbray@devinemillimet.com
DEVINE, MILLIMET & BRANCH, PA
300 Brickstone Square, 9th Floor
P.O. Box 39
Andover, MA 01810
(978) 475-9100

## CERTIFICATE OF SERVICE

I, Timothy E. Bray, hereby certify that a true copy of this document was served upon the attorney of record for each party by United States First Class Mail on March 10, 2005.

Timothy E. Bray

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-10460 DPW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brian J. Kelly

**DEFENDANTS**
Max Hugel, and
Rockingham Venture, Inc.

(b) County of Residence of First Listed Plaintiff   Middlesex (MA)
    (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Rockingham County (NH)
    (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher A. Kenney, BBO#556511 and Thomas Paul Gorman BBO#204100  Sherin & Lodgen LLP  101 Federal Street  Boston, MA 02110  (617) 646-2000

Attorneys (If Known) Mark J. Sampson BBO#552808, Matthew R. Johnson BBO#636297, Timothy E. Bray BBO#652398 for defendants Devine, Millimet and Branch  300 Brickstone Sq. P.O. Box 39  Andover, MA 01810  (978) 475-9100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |   | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 690 Other |   | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |   | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |   ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty |   |   | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other |   |   | ☐ 950 Constitutionality of State Statutes |
|   | ☐ 446 Amer. w/Disabilities - Other  ☐ 550 Civil Rights |   |   |   |
|   | ☐ 440 Other Civil Rights  ☐ 555 Prison Condition |   |   |   |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332(a) and 1446(a)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/10/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Brian J. Kelly v. Max Hugel et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

    **05 - 10460 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☒   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Timothy E. Bray, BBO # 652398   Devine, Millimet and Branch__
ADDRESS __300 Brickstone Square 9th Floor   P.O. Box 39   Andover, MA 01810__
TELEPHONE NO. __(978) 475-9100__

(CategoryForm.wpd - 2/15/05)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. KELLY,<br><br>Plaintiff,<br><br>v.<br><br>MAX HUGEL,<br><br>Defendant.<br><br>and<br><br>ROCKINGHAM VENTURE, INC.,<br><br>Defendant, and<br>Reach-and-Apply<br>Defendant, | Civil Action No.:  |

**Appendix to Category Sheet #8**

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

**Yes, see below**

Brian J. Kelly v. Max Hugel and Rockingham Venture, Inc.
Suffolk County Superior Court, Civil Action No.: 05-0869-BLS
Hearing re: Motion for Preliminary Injunctive Relief scheduled for:

**Friday, March 11, 2005 at 2:30 p.m. in
Suffolk County Superior Court, Room 20, 12th Floor**

{03155\06426\A0087278.1}

SUFFOLK, ss.



# Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0869 BLS

BRIAN J. KELLY
_____, Plaintiff(s)

v.

MAX HUGEL ET AL
_____, Defendant(s)

## SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:   MAX HUGEL and ROCKINGHAM VENTURE INC

You are hereby summoned and required to serve upon  Christopher A. Kenney Esq. plaintiff's attorney, whose address is  101 Federal St.  Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a prayer 3-11 and that a hearing upon such application will be held at the court house at said Boston of our said court on  Friday in room 20  12th Floor  the  eleventh  day of  March  A.D. 200 5, at  2:30  o'clock PM, at which time you may appear and show cause why such application should not be granted.

Witness, Barbara J. Rouse, ~~Suzanne DelVecchio~~, Esquire, at Boston, the  seventh  day of  March, in the year of our Lord two thousand  five.

                                          _[signature]_
                                          Asst. Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV. P. 1 5M 10/2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                      SUPERIOR COURT CIVIL
                                                 ACTION NO.

                                                 05-0869-BLS

BRIAN J. KELLY              )
                            )
         Plaintiff,         )
                            )
v.                          )
                            )
MAX HUGEL,                  )
                            )
         Defendant,         )
                            )
and                         )
                            )
ROCKINGHAM VENTURE, INC.,   )
                            )
         Defendant and      )
         Reach-and-Apply    )
         Defendant.         )

### VERIFIED COMPLAINT

This is an action to recover the principal amount of $5,000,000, with interest, late charges and attorneys' fees, owed to the plaintiff under a promissory note, and to enforce certain of the plaintiff's rights under a stock pledge agreement. (As of March 1, 2005, the balance with interest and late charges was $7,000,273.97, with a per diem thereafter of $1,643.84.) The plaintiff also seeks to reach and apply stock of the defendant, and seeks other related relief.

### Allegations Common To All Counts

#### Parties

1.  The plaintiff Brian J. Kelly ("Kelly") resides at 55 Sandy Pond Road, Lincoln, Massachusetts 01773, and has a principal place of business at 120 Presidential Way, Suite 300, Woburn, Massachusetts 01801.

00055137.DOC /

RECEIVED
MAR 07 2005
SUPERIOR COURT - CIVIL

2. The defendant Max Hugel resides at 18 Home Road, Windham, New Hampshire 03087.

3. The defendant Rockingham Venture, Inc. ("Rockingham Venture") is a New Hampshire corporation with a principal place of business at 77 Rockingham Park Boulevard, Salem, New Hampshire 03079. Upon information and belief, the defendant owns stock in Rockingham Venture.

### Jurisdiction and Venue

4. Jurisdiction and venue are proper in this Court because the Note at issue was entered into in Boston, Massachusetts and the Stock Pledge Agreement, which also forms the basis for this action, specifically provides that the parties submit to the jurisdiction of the courts of the Commonwealth of Massachusetts, and waive any and all objections to venue in any of the courts of the Commonwealth.

### Count I – Breach Of A Promissory Note Against Hugel

5. Kelly repeats and realleges the allegations of Paragraphs 1 through 4 of the Complaint.

6. On or about December 29, 2000, Hugel executed and delivered to Kelly a Promissory Note (the "Note") in the principal amount of $5,000,000. Pursuant to the Note, Hugel promised, for consideration and under seal, to pay Kelly the balance of the loan amount, with interest and costs of collection, including reasonable attorneys' fees and expenses, all as more particularly set forth in the Note. (A true copy of the Note is attached as Exhibit A.)

7. Hugel has failed and refused to repay the balance under the Note according to the terms of the Note, which called for repayment nine months after Kelly waived his conversion option under the Note. On November 24, 2003, Kelly gave written notice of such waiver. Thus, the Note became due and payable on August 24, 2004. As a result of Hugel's failure and refusal

to make payment, the Note is in default and Hugel owes Kelly $5,000,000, plus interest and other sums required to be paid under the Note, including costs of collection and reasonable attorneys' fees and expenses.

8.  Kelly has fully performed his obligations under the Note, and all conditions precedent to payment have been performed or have occurred.

### Count II – Breach of Contract Under A Stock Pledge Agreement Against Both Defendants

9.  Kelly repeats and realleges the allegations of Paragraphs 1 through 8 of the Complaint.

10. On or about December 29, 2000, Hugel, Kelly and Rockingham Venture entered into a Stock Pledge Agreement (a true copy of which is attached as Exhibit B) pursuant to which Hugel pledged forty (40) shares of common stock of Rockingham Venture, representing twenty (20%) percent of the issued and outstanding capital stock of Rockingham Venture, and fifty (50%) of the eighty shares of the Rockingham Venture stock that Hugel owned.

11. Pursuant to § 10(a) of the Stock Pledge Agreement, "[t]he occurrence of any event of default under the Note continuing after the applicable grace period," among other events, constitutes an "Event of Default." Pursuant to the Acknowledgement of Pledge contained in the Stock Pledge Agreement, Rockingham Venture promised that "after receipt by Rockingham Venture, Inc. of a notice that an Event of Default has occurred," it "shall pay to Lender [Kelly] any dividends or other distributions payable with respect to the Collateral."

12. Kelly loaned Hugel $5,000,000 under the Note. This amount was due to be paid on August 24, 2004 in accordance with the terms and conditions of the Note.

13. Hugel failed to repay the balance under the Note when due. Under the Note, the entire amount Kelly advanced to Hugel became immediately due and payable on August 24, 2004. The Note is thus in default and consequently the Note, including the principal balance

00055137.DOC/    3

(which is $5,000,000) accrued interest, costs of collection and reasonable attorneys' fees, are now due and owing by Hugel.

14. On September 14, 2004, Kelly notified Rockingham Venture of the Event of Default and requested payment of all distributions, dividends or other payments related to the pledged shares. A copy of the Notice is attached hereto as Exhibit C.

15. Under § 5(f) of the Stock Pledge Agreement, Kelly is entitled to receive from Hugel copies of any written information and written notice of any material oral information received by Hugel with respect to Rockingham Venture. Under § 9 of the Stock Pledge Agreement, Kelly is entitled to exercise any and all voting rights relating to the pledged shares. Under §10(a) of the Stock Pledge Agreement, Kelly is entitled to receive from Rockingham Venture dividends or other distributions with respect to the pledged shares,

16. Upon information and belief, Rockingham Venture has failed and refused to pay over dividends or distributions due with respect to the pledged shares, that would otherwise be due and owing to Kelly pursuant to the terms of the Stock Pledge Agreement, and Kelly has not been provided with the opportunity to exercise any and all voting rights relating to the pledged shares.

17. In breach of the Stock Pledge Agreement, Hugel has not provided any written information and written notice of material oral information concerning Rockingham Venture.

### Count III - Action To Reach And Apply Hugel's Shares In Rockingham Venture

18. Kelly repeats and realleges the allegations of Paragraphs 1 through 17 of the Complaint.

19. Pursuant to G.L. c. 214, § 3(6), Kelly has the right to reach and apply Hugel's shares in Rockingham Venture.

20. Pursuant to G.L. c. 214, § 3(7), Hugel's shares in Rockingham Venture can be reached and applied in payment of all sums Hugel owes Kelly, whether or not the action is founded upon a debt.

21. Count III is brought to reach and apply Hugel's shares in Rockingham Venture in payment of Hugel's debts to the Kelly.

22. Unless Kelly is granted injunctive relief pending the hearing and determination of this cause, he will suffer irreparable injury in that, among other things, he will be deprived of security for the payment of the judgment he is likely to obtain.

## Count IV – Action To Reach And Apply Amounts Rockingham Venture Owes To Hugel

23. Kelly repeats and realleges the allegations of Paragraphs 1 through 22 of the Complaint.

24. Pursuant to a certain Management Agreement entered into on June 20, 1994 among PM Management Group, Inc., Hugel and Rockingham Venture, Rockingham Venture agreed to pay Hugel $16,666 per month as a "management fee." (A true and correct copy of the Management Agreement is attached hereto as Exhibit D.)

25. The amount Rockingham Venture owes to Hugel can be reached and applied in satisfaction of the debt that Hugel owes Kelly.

26. Pursuant to G.L. c. 214, § 3(6), Hugel's right to payment from Rockingham Venture can be reached and applied in payment of all sums Hugel owes Kelly.

27. Unless Kelly is granted injunctive relief pending the hearing and determination of this cause, he will suffer irreparable injury in that, among other things, he will be deprived of security for the payment of the judgment he is likely to obtain.

## Prayers For Relief

WHEREFORE, the plaintiff Brian J. Kelly requests that this Court grant the following relief:

**A.** **Monetary relief**

1. On Counts I and II, enter judgment against the defendant Max Hugel, for a total amount of $6,977,260.08, together with interest, default interest, costs and reasonable attorneys' fees.

2. On Count II, enter judgment against Rockingham Venture in the amount of the dividends or distributions due to Kelly under the Stock Pledge Agreement.

**B.** **Pre-judgment relief**

3. Preliminarily enjoin Hugel, his agents, employees, servants, and attorneys, from selling, alienating, transferring, conveying, hypothecating, destroying, dissipating, pledging, spending, encumbering, assigning, or otherwise disposing of any and all property or assets, tangible or intangible (including but not limited to money), owned directly, or indirectly, or beneficially by Hugel, providing that nothing in this order shall prevent the expenditure of up to $5,000 a month plus such sums as are necessary for Hugel to pay his taxes.

4. On Count III, preliminarily enjoin the defendant Max Hugel, his agents, servants, employees and attorneys, from transferring, alienating, selling conveying, encumbering, hypothecating, destroying, assigning, dissipating, pledging, or otherwise disposing of his shares in Rockingham Venture.

5. On Count III, enter a preliminary injunction ordering the defendant, his agents, servants, employees and attorneys, forthwith to tender the balance of Hugel's shares of Rockingham Venture to the plaintiff's attorneys, to be held as security for all sums adjudged to be owed by Hugel to Kelly.

6. On Count III, preliminarily enjoin Rockingham Venture, its officers, agents, servants, employees, and attorneys, from making any distributions, transfers, or other payments on account of Hugel's interest or shares in such corporation, and further that the above listed corporation be ordered to pay into an interest bearing escrow account all such distributions, transfers, or payments -- as and when they would otherwise become due and payable -- to be held as security for all sums adjudged to be owed by Hugel to Kelly.

7. On Count III, preliminarily enjoin the defendant Max Hugel, his agents, servants, employees and attorneys, from receiving, collecting, encumbering, assigning, pledging, or otherwise disposing of any distributions, transfers or payments from Rockingham Venture on account of his shares or interest therein.

8. On Count III, order the defendant Max Hugel, his agents, servants, employees and attorneys, to promptly provide all material written and oral information relating to Rockingham Venture promptly upon receipt of such information by Hugel.

9. On Count IV, preliminarily enjoin Rockingham Venture, its officers, agents, servants, employees, and attorneys, from making any distributions, transfers, or other payments on account of the Management Agreement with Hugel to Hugel and ordering that such amounts be held as security for all sums adjudged to be owed by Hugel to Kelly.

10. On Count IV, preliminarily enjoin the defendant Max Hugel, his agents, servants, employees and attorneys, from receiving, collecting, encumbering, assigning, pledging, or otherwise disposing of any payments to him under the Management Agreement.

11. On Counts III and IV, order Rockingham Venture to provide an accounting of all amounts paid or to be paid to Hugel, or amounts otherwise set aside for Hugel, to provide Kelly the opportunity to exercise voting rights of the shares pledged under the Stock Pledge

Agreement, and to provide Kelly such material information as and when it makes such information available to its stockholders, including but not limited to Hugel.

D. **General Prayer For Relief**

Under all counts, grant the plaintiff his damages, costs, interest, and attorneys' fees, and such other and further relief as the Court deems meet and just.

BRIAN J. KELLY
By his attorneys

Christopher A. Kenney, BBO#556511
Thomas Paul Gorman, BBO#204100
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000
(617) 646-2222 (fax)

Dated: March 1, 2005

## VERIFICATION

I, Brian J. Kelly, have read the Complaint and, on my oath, affirm that the allegations made in the Complaint are true and that those allegations made on information and belief, I believe to be true.

*[signature]*
Brian J. Kelly

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                      SUPERIOR COURT CIVIL
                                                                                                ACTION NO.

BRIAN J. KELLY )
                 Plaintiff, )
)
v. )
)
MAX HUGEL, )
                 Defendant, )
)
and )
)
ROCKINGHAM VENTURE, INC., )
)
                 Defendant and )
                 Reach-and-Apply )
                 Defendant. )

### MEMORANDUM IN SUPPORT OF THE PLAINTIFF BRIAN J. KELLY'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The plaintiff Brian J. Kelly ("Kelly") has moved for preliminary injunctive relief against the defendant Max Hugel ("Hugel") and the defendant and third-party defendant Rockingham Venture, Inc. ("Rockingham Venture"). Kelly seeks to secure the judgment he is likely to obtain against Hugel by enjoining dissipation of dividends and other distributions and payments owed by Rockingham Venture to Hugel.

### Facts

As set forth in detail in the plaintiff's Verified Complaint, Hugel has defaulted in the payment of the $5,000,000 Promissory Note Hugel signed on or about December 29, 2000. Hugel owns stock in Rockingham Venture, some of which was made the subject of a Stock

00055139.DOC /

Pledge Agreement in Kelly's favor. Pursuant to that Agreement, Rockingham Venture agreed to pay Kelly dividends or other distributions otherwise payable to Hugel, in the event of a default. Hugel also has the right to receive payments from Rockingham Venture pursuant to a certain Management Agreement.

On September 14, 2004, Kelly provided notice to Rockingham Venture of the Event of Default and requested payment of all distributions, dividends or other payments related to the pledged shares. Under § 5(f) of the Stock Pledge Agreement, Kelly is entitled to receive from Hugel copies of any written information and written notice of any material oral information received by Hugel with respect to Rockingham Venture. Under § 9 of the Stock Pledge Agreement, Kelly is entitled to exercise any and all voting rights relating to the pledged shares. Under §10(a) of the Stock Pledge Agreement, Kelly is entitled to receive dividends or other distributions with respect to the pledged shares.

Upon information and belief, Rockingham Venture has failed and refused to pay over dividends or distributions due with respect to the pledged shares, that would otherwise be due and owing to Kelly pursuant to the terms of the Stock Pledge Agreement, and Kelly has not been provided with the opportunity to exercise any and all voting rights relating to the pledged shares. In breach of the Stock Pledge Agreement, Hugel has not provided any written information and written notice of material oral information concerning Rockingham Venture.

Kelly has therefore moved for preliminary injunctive relief in aid of his reach-and-apply actions, and as security for the judgment he is likely to obtain against Hugel.

### Argument

To succeed on a motion for a preliminary injunction, a party must establish (i) a reasonable likelihood of success on the merits; (ii) that he will suffer irreparable harm in the

00055139.DOC /

2

absence of injunctive relief and (iii) that the balance of irreparable harm weighs in his favor. See, e.g., *Hull v. Massachusetts Municipal Wholesale Electric Co.*, 389 Mass. 640 (1987); *Brookline v. Goldstein*, 388 Mass. 443 (1983); *Packaging Industries Group, Inc. v. Cheney*, 380 Mass. 609 (1980).

In this case, Kelly has a substantial likelihood of success on the merits. Indeed, success is almost certain in that Hugel neither disputes the existence or the authenticity of the Note nor has any defenses or justifications for his default. If injunctive relief is denied, Kelly risks losing the value of security for the judgment he is likely to obtain. The balance of harm also weighs in Kelly's favor, for the requested injunctive relief will essentially preserve the status quo and enable Kelly to enforce the terms of the Note to which Hugel voluntarily agreed.

Finally, Hugel's property, right, title or interest in the stock of Rockingham Venture are appropriately subject to reach-and-apply relief under pursuant to G.L. c. 214, § 3(6) and (7), while pursuant to G.L. c. 214, § 3(6), Hugel's interest in payments from Rockingham Venture are likewise subject to reach-and-apply relief. Preliminary injunctive relief in aid of a reach-and-apply action is customary. See, e.g., *Wornat Development Corp. v. Vakalis*, 403 Mass. 340, 343 (1988) (plaintiff-creditor obtained preliminary injunction in connection with reach-and-apply action for collection of defaulted note); *Bank of New England v. Mortgage Corp. of New England*, 30 Mass. App. Ct. 238 (1991) (trial court improperly applied "public interest" test to dissolve preliminary injunction in connection with reach-and-apply action). Injunctive relief is likewise appropriate here.

## Conclusion

For the foregoing reasons, and on the authorities cited, plaintiff Brian J. Kelly asks that the Court allow his motion for preliminary injunctive relief.

00955138.DOC /

3

BRIAN J. KELLY

By his attorneys,

Christopher A. Kenney, BBO#556511
Thomas Paul Gorman, BBO#204100
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000
(617) 646-2222 (fax)

Dated: March 7, 2005

00035139.DOC /

4