UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 24  P 1: 19

U.S. DISTRICT COURT
DISTRICT OF MASS

Brian J. Kelly

        *Plaintiff*

  - v. -

Max Hugel and
Rockingham Venture, Inc.

        *Defendants*

Docket No. 1:05-cv-10460-DPW

## DEFENDANT ROCKINGHAM VENTURE'S
## ANSWER TO THE VERIFIED COMPLAINT

The defendant, Rockingham Venture, Inc. (hereinafter "Rockingham"), by and through its counsel, Devine, Millimet & Branch, Professional Association, answers Brian J. Kelly's Verified Complaint as follows:

1.    Rockingham admits the allegations contained in Paragraph 1.

2.    Rockingham denies the allegations contained in Paragraph 2. Rockingham admits that Mr. Hugel has a summer home at the referenced address, but permanently resides in Ocala, Florida and is a citizen of that state.

3.    Rockingham admits the allegations contained in Paragraph 3.

4.    Rockingham denies the allegations contained in Paragraph 4 as to it. The waiver of jurisdiction pertains only to the pledgor and Rockingham is not the pledgor.

5.    Rockingham repeats and realleges its answers to prior allegations as though fully set forth herein.

6.    Rockingham admits that it has acknowledged the existence of the Stock Pledge Agreement referencing the Note.  Rockingham leaves the plaintiff to his proof with respect to the characterization of and terms of the Note.

7.    Rockingham does not have sufficient information to form a belief as to the truth or falsity of all of the allegations contained in Paragraph 7 of the Verified Complaint and therefore leaves plaintiff Kelly to his proof thereon.

8.    Rockingham does not have sufficient information to form a belief as to the truth or falsity of all of the allegations contained in Paragraph 8 of the Verified Complaint and therefore denies the same.

9.    Rockingham repeats and realleges its responses to prior allegations as though fully set forth herein.

10.    Rockingham admits the allegations contained in Paragraph 10.

11.    Rockingham acknowledges the Stock Pledge Agreement and refers to the Stock Pledge Agreement itself.

12.    Rockingham does not have sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and therefore denies the same.  It acknowledges the existence of the Stock Pledge Agreement and the Note and refers to both documents for the terms thereof.

13.    Rockingham does not have sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 and leaves the plaintiff Kelly to his proof

thereon.  It acknowledges the existence of the Stock Pledge Agreement, which in turn refers to

the Note and refers to those documents for their specific terms.

14.    Rockingham admits the allegations contained in Paragraph 14.

15.    Rockingham acknowledges the Stock Pledge Agreement and refers to the specific

document for its terms.

16.    Rockingham denies the allegations contained in Paragraph 16.

17.    Rockingham denies the allegations contained in Paragraph 17.

18.    Rockingham repeats and realleges its responses to prior allegations as though

fully set forth herein.

19.    The allegations of Paragraph 19 are conclusions of law to which no response is

required.  To the extent that the plaintiff contends that these are allegations of fact, Rockingham

does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations

contained therein and leaves the plaintiff Kelly to his proof thereon.

20.    The allegations of Paragraph 20 are conclusions of law to which no response is

required.  To the extent that the plaintiff contends that these are allegations of fact, Rockingham

does not have sufficient knowledge to form a belief as to the truth or falsity of the allegations

contained therein and leaves the plaintiff Kelly to his proof thereon.

21.    Rockingham admits the recitation of the purported purpose of Count III.

Rockingham denies that plaintiff Kelly has any remedies against it.

22.    Rockingham denies the allegations contained in Paragraph 22.

23.    Rockingham repeats and realleges its answers to prior allegations as though fully

set forth herein.

24.    Rockingham admits the allegations contained in Paragraph 24.

25.    The allegations contained in Paragraph 25 are conclusions of law rather than statements of fact. To the extent that they are intended to be statements of fact, Rockingham does not have sufficient information to form a belief as to the truth or falsity and therefore leaves plaintiff Kelly to his proof thereon.

26.    The allegations contained in Paragraph 26 are conclusions of law rather than statements of fact. To the extent that they are intended to be statements of fact, Rockingham does not have sufficient information to form a belief as to the truth or falsity and therefore leaves plaintiff Kelly to his proof thereon.

27.    Rockingham denies the allegations contained in Paragraph 27.

**IN FURTHER ANSWERING:**

### First Defense

28.    This court does not have jurisdiction over Rockingham pursuant to any terms of the Stock Pledge Agreement. The Stock Pledge Agreement extends jurisdiction by waiver over defendant Hugel only.

### Second Defense

29.    There are no claims against Rockingham that set forth a cause of action against Rockingham.

### Third Defense

30.    Plaintiff Kelly is not entitled to the prejudgment relief he seeks. No distributions, transfers or other payments have been made to Hugel by Rockingham other than on account of the Management Agreement. Kelly has been provided with all material information regarding Rockingham that has been made available to its shareholders.

## Fourth Defense

31.    Plaintiff Kelly or entities owned by him have made offers to purchase the land owned by Rockingham for $70,000,000 within the last two years and $60,000,000 within the last few months.  Based upon those offers, the stock held pursuant to the Stock Pledge Agreement would have a value well in excess of the amounts alleged to be due under the Note.  Plaintiff Kelly is therefore amply secured.  Upon information and belief, plaintiff Kelly and defendant Hugel had agreed upon a voluntary foreclosure in which Kelly agreed to pay Hugel $375,000 in cash in exchange for Hugel's stock, subject to the Stock Pledge Agreement, and in full satisfaction of the debt, which agreement Kelly has failed and refused to honor.

WHEREFORE, for all the foregoing reasons, defendant Rockingham demands a trial by jury as to all issues so triable, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**Rockingham Venture, Inc.**

By its attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Date: March 22, 2005

By: _____
Matthew R. Johnson, Esquire BBO#636297
111 Amherst Street
Manchester, NH  03101
(603) 669-1000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer to the Verified Complaint was forwarded this date by United States mail, first class, postage prepaid to counsel of record:

Christopher A. Kenney, Esquire
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110-2104
Email: cakenney@sherin.com

Thomas P. Gorman, Esquire
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
Email: tpgorman@sherin.com

Date: March 1, 2005          By: _____
                                  Matt R. Johnson, Esquire/BBO#636297

J:\wdox\docs\clients\05473\72752\M0695472.DOC