UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIAN J. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-10460-DPW |
| MAX HUGEL, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ROCKINGHAM VENTURE, INC.,) | | |
| | ) | |
| Defendant and | ) | |
| Reach-and-Apply | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT MAX HUGEL'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Defendant, Max Hugel, by and through the undersigned counsel, hereby opposes the Motion for Preliminary Injunctive Relief (the "Motion") filed by plaintiff Brian J. Kelly ("Plaintiff") in the Massachusetts Superior Court prior to the removal of this action to this Court. For the reasons set forth below, the Motion should be denied.

### Background

Counsel for Mr. Hugel in this matter has only recently been retained. On March 31, 2005, the Court granted the Assented-To Motion for Extension of Time for Defendant Max Hugel to File Responsive Pleading and reset the deadline for Mr. Hugel to file a responsive pleading to April 11, 2005. The Court has set a Rule 16 conference with the parties for April 28, 2005. Plaintiff filed the Motion in the Massachusetts Superior Court prior to the removal of this action to this Court. Both the Verified Complaint ("Complaint") and the Motion raise issues of fact and law that must be investigated and researched by Mr. Hugel's counsel.

Mr. Hugel's counsel has not had adequate time to investigate and research the issues of fact and law issues raised in the Complaint and the Motion. Because the Motion nevertheless is on file with the Court, Mr. Hugel files this opposition to the Motion in order to preserve all rights. Mr. Hugel respectfully requests the opportunity to file additional briefing in support of his opposition to the Motion in the event that the Court considers the Motion or puts it on for hearing.

### Grounds for Opposition to the Motion

A.     **Plaintiff Is Not Entitled To A Preliminary Injunction Under Rule 65 of the Federal Rules of Civil Procedure.**

*The Standard.*  It is well-established that a preliminary injunction is an "extraordinary equitable remedy" and that, "[a]s such "the law imposes on plaintiffs the substantial burden of convincing the Court that they are likely to succeed ultimately and further, that if emergency relief is not granted, they will be 'irreparably' harmed." *Comfort ex rel. Neumyer v. Lynn School Comm.*, 100 F. Supp. 2d 57, 60 (D. Mass. 2000) (quoting *Boston's Children First v. City of Boston*, 62 F. Supp. 2d 247, 253 (D. Mass. 1999) (internal quotation marks omitted) . The Motion correctly cites the familiar four-part test that must be met before a preliminary injunction may issue under Rule 65 of the Federal Rules of Civil Procedure[1] but falls far short of meeting that test.

Plaintiff's entire showing with respect to the Rule 65 test is stated as follows:

> In this case, Kelly has a substantial likelihood of success on the merits. Indeed, success is almost certain in that Hugel neither disputes the existence or the authenticity of the Note nor has any defenses or justifications for his default. If

---

[1]*See, e.g., Ocean Spray Cranberries, Inc. v. PepsiCo, Inc.*, 160 F.3d 58, 60-61 (1st Cir. 1998) ("Under federal law, a preliminary injunction depends upon the familiar four-part test requiring the moving party to show likelihood of success on the merits, irreparable injury, and a favorable balance of the equities, including effects on the public interest.") (citation omitted).

injunctive relief is obtained, Kelly risks losing the value of security for the judgment he is likely to obtain. The balance of harm also weighs in Kelly's favor, for the requested injunctive relief will essentially preserve the status quo and enable Kelly to enforce the terms of the Note to which Kelly voluntarily agreed.

Memorandum in Support of Plaintiff's Motion at 3.

*Likelihood of Success.* Mr. Hugel's counsel has not had adequate time to investigate the factual and legal issues raised in this case, which involve a long history of commercial dealings between the parties. It is obvious that Plaintiff's bare assertions will not support preliminary injunctive relief. Plaintiff's self-serving statement that Mr. Hugel has no justifications or defenses does not make it so. We note that the reach-and-apply defendant, Rockingham Venture, Inc., represented by counsel with a long and detailed background and involvement in the disputes, has filed an answer asserting defenses.

*Adequacy of Legal Remedy.* All that appears from the Complaint and attachments is that one businessman, Mr. Hugel, executed a promissory note in favor of another businessman, Mr. Kelly; that the note was secured by the pledge of some (but not all) of Mr. Hugel's stock in a closely held business corporation known as Rockingham Venture, Inc.; and that the pledge is perfected by possession, so that the pledged stock certificates cannot be conveyed because they are in Plaintiff's possession. No evidence is offered as to the value of Rockingham Venture, Inc.

The parties evidently believed that the pledged stock was sufficient to secure the obligations evidenced by the note when the deal was struck, and no evidence is offered to suggest that this is no longer correct. The answer of reach-and-apply defendant Rockingham Venture, Inc. to the Complaint states that "Plaintiff Kelly or entities owned by him have made offers to purchase the land owned by Mr. Hugel for $70,000,000 within the last two years and $60,000,000 within the last few months. Based upon those offers, the stock held pursuant to the Stock Pledge Agreement would have a value well in excess of the amounts alleged to be due under the Note. Plaintiff Kelly is therefore amply secured." Rockingham Answer, paragraph 31. Nor is any evidence offered to suggest that Mr. Hugel lacks other assets or is otherwise unable to

LITDOCS:594647.1

satisfy his obligations. Indeed, it appears (by lack of allegation to the contrary) that Mr. Hugel satisfied his obligations to pay interest on the note on a current basis.

For present purposes, it is enough to note that the Plaintiff has an adequate remedy at law and, therefore, is not entitled to the relief he seeks. *See Hunter v. Youthstream Media Networks, Inc.*, 241 F. Supp. 2d 52, 57 (D. Mass. 2002) (plaintiff not entitled to equitable relief because he failed to make a showing that he lacked an adequate remedy at law). Indeed, Plaintiff does not even allege the contrary. The only interest at stake in the instant dispute is financial: The sole basis of this lawsuit is Plaintiff's contention that Mr. Hugel owes him money. Where, as here, an award of money damages will suffice to compensate the plaintiff for any injury he might incur during the litigation of the case, a preliminary injunction is not appropriate. *Foxboro Co. v. Arabian American Oil Co.*, 805 F.2d 34, 36 (1st Cir. 1986) (vacating preliminary injunction because "[w]e do not find irreparable injury where only money is at stake and where the plaintiff has a satisfactory remedy at law to recover the money at issue").

***Lack of Irreparable Harm.*** In addition, the Motion fails to make the required clear showing of immediate and irreparable injury. *See Independent Fed'n of Flight Attendants v. Davis*, 633 F. Supp. 634, 639 (D. Mass. 1986) ("A preliminary injunction will not be issued unless there is an actual, viable, presently existing threat of serious harm which cannot be undone.") (citing *Massachusetts Coalition of Citizens with Disabilities v. Civil Defense Agency*, 649 F.2d 71, 74 (1st Cir. 1981) ("Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined. A preliminary injunction will not be issued simply to prevent a mere possibility of injury. A presently existing, actual threat must be shown.") (citations omitted). *See Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 205 (3d Cir. 1990) ("Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a clear showing of immediate irreparable injury.") (internal quotation marks and citation omitted). This failure, standing alone, mandates denial of the Motion. *See Davis*, 633 F. Supp. at 639 n.4 ("failure to demonstrate the existence of an

immediate threat of irreparable harm warrants the denial of a preliminary injunction on that basis alone") (citing *Massachusetts Coalition*, 649 F.2d at 74).

Plaintiff claims that preliminary injunctive relief "is necessary (1) to prevent the irreparable harm caused by a diminution in value of, or disposition of funds relating to, shares of stock in Rockingham Venture, which otherwise secures the debt from Hugel to Kelly, and the disposition of funds that Rockingham Venture owes to Hugel, and (2) to prevent the irreparable harm caused by any interference with Kelly's right to receive payments that Rockingham Venture otherwise owes to Hugel." Motion at 1-2. The Complaint and the Motion are bereft of even an allegation that there is "an actual, viable presently existing threat" of, for example, diminution in the value of the stock in which Plaintiff claims to have a security interest or interference with Plaintiff's claimed right to receive payments that Rockingham Venture otherwise owes to Mr. Hugel. Nor does Plaintiff explain why Mr. Hugel, who owns valuable stock (both pledged and unpledged), would have any interest or incentive not to protect the value of that stock.

*Balance of Equities.* Plaintiff does not point to any entitlement to encumber stock not pledged as security in the Stock Pledge Agreement. "The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 620 (1st Cir. 1995) (citation omitted). A litigant cannot be harmed by a court's refusal to create greater rights than exist under the status quo. On the other hand, the injunctive relief sought by Plaintiff would harm Mr. Hugel, by imposing on him real and immediate restraints never bargained for between the parties and far in excess of the status quo. *See Hoxworth*, 903 F.2d at 198 ("[A] defendant -- even an unsavory one -- is harmed more than necessary by an injunction encumbering far more of its assets than are at stake in the underlying litigation.").

Indeed, Plaintiff's efforts to encumber stock beyond that pledged as security in the Stock Pledge Agreement would *alter* the status quo rather than maintain it. In effect, Plaintiff would enlist the Court in obtaining for his claimed debt more collateral security than he obtained from

Mr. Hugel by contract. Thus, the Motion is really a request for a mandatory injunction, as to which Plaintiff has an even heavier burden. *See Massachusetts Coalition of Citizens with Disabilities*, 649 F.2d at 76 n.7 (mandatory preliminary injunction "should only be granted when the exigencies of the situation demand such relief"); *Lewis v. General Elec. Co.*, 37 F. Supp. 2d 55, 62 (D. Mass. 1999) (same); *Automatic Radio Mfg. Co v. Ford Motor Co.*, 272 F. Supp. 744, 749 (D. Mass. 1967) (mandatory injunctions "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages") (internal quotation marks and citation omitted), *aff'd*, 390 F.2d 113 (1st Cir. 1968). As Plaintiff cannot show that he is entitled to preliminary injunctive relief, he fails, *a fortiori*, to satisfy the especially heavy burden he has to justify the need for a mandatory preliminary injunction.

The foregoing demonstrates that Plaintiff has failed to show that he is entitled to the preliminary injunctive relief he seeks. The Motion should be denied.

**B.    Plaintiff Is Not Entitled To Preliminary Injunctive Relief In Aid Of His Reach And Apply Claims.**

Plaintiff cites Mass. Gen. Laws ch. 214 §§ 3(6) and 3(7) in support of his motion for preliminary injunctive relief. While investigation and research by Mr. Hugel's counsel may well reveal additional defenses and arguments based upon the statute, it is nonetheless clear that the Motion should be denied because, even if Plaintiff's reach-and-apply statute meets the statutory requirements, Plaintiff still must show that preliminary injunctive relief is necessary under the general test for that relief. The reach-and-apply statute gives a plaintiff no added *pre-judgment* remedies.

*Knapik v. McGuire*, 1999 WL 1319239, (Mass. Super. Ct. 1999), is a case in point. There, plaintiff brought a reach-and-apply action and sought "security from th[e] court in the form of injunctive relief prohibiting the defendants from alienating or otherwise disposing of or encumbering their assets." 1999 WL 1319239 at *1. In discussing the applicable standards, the court noted that, while "the moving party must show that, without the requested relief, it may

suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits . . . the enjoined party may suffer precisely the same type of irreparable harm" if the injunction issues. 1999 WL 1319239 at *1 (citing Leubsdorf, *The Standard for Preliminary Injunctions*, 91 Harv. L. Rev. 525, 541 (1978)). Accordingly, "a judge should seek to minimize the harm that final relief cannot redress." *Id.* (internal quotation marks omitted). The court also admonished that "a preliminary injunction is a drastic remedy that a court should not grant unless the movant, by a clear showing, carries the burden of persuasion." 1999 WL 1319239 at *1 (citing Charles Wright & Arthur Miller, 11 *Federal Practice and Procedure*, § 2948, at pp. 129-30 (1995)).

> Applying the preliminary injunction standard, the Court concluded:

> In this case, the plaintiff has not established a substantial risk of irreparable harm or that his rights are not capable of vindication by final judgment in law or equity. The loan he made to West is secured by three mortgages which, by definition, are meant to secure the plaintiff in the event of default. The plaintiff has presented no evidence that this security is not adequate in the event he can prove that a default occurred. The plaintiff has also not shown that if the security is indeed inadequate, that the defendants have no other assets with which to pay a judgment if received. Further, the plaintiff has presented no evidence to demonstrate that, if the defendants are found liable at a trial on the merits, that monetary damages would be an inadequate remedy at law. As such, a preliminary injunction is an inappropriate remedy in this matter.

*Knapik v. McGuire*, 1999 WL 1319239 at *2. So too here. In view of the foregoing, Plaintiff's Motion should be denied for failure to meet the standards governing the Motion.

Mr. Hugel respectfully reserves all rights with respect to the Motion, including the right to submit additional briefing pending the outcome of his counsel's investigation and research into the factual and legal issues raised in the Complaint and the Motion.

LITDOCS:594647.1

WHEREFORE, the Motion should be denied.

Respectfully submitted,

**MAX HUGEL,**

By his attorneys,

Sabin Willett, BBO# 542519
Rheba Rutkowski, BBO # 632799
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: April 1, 2005

## CERTIFICATE OF SERVICE

I, Rheba Rutkowski, hereby certify that, on April 1, 2005, a true copy of the above document was served by first-class mail, postage prepaid, upon Christopher A. Kenney of Sherin and Lodgen LLP, 101 Federal Street, Boston, MA 02110, and Andrew D. Dunn of Devine, Millimet & Branch, 111 Amherst Street, Manchester, New Hampshire 03101.

Rheba Rutkowski