UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. KELLY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAX HUGEL, | ) |
| | ) |
| Defendant, | )    C.A. NO. 05 10460 DPW |
| | ) |
| and | ) |
| | ) |
| ROCKINGHAM VENTURE, INC., | ) |
| | ) |
| Defendant and | ) |
| Reach-and-Apply | ) |
| Defendant. | ) |
| | ) |

## JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

The plaintiff Brian J. Kelly ("Kelly") and the defendant Max Hugel ("Hugel")[1] file this

Joint Statement in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1:

     I.     Proposed Agenda for Scheduling Conference

The parties propose that the agenda for the initial scheduling conference include a

discussion of the following issues:

     1.     Initial Exchange of Information;

     2.     Proposed discovery plan;

     3.     Proposed schedule for filing of motions;

     4.     Mediation;

     5.     Proposed trial date;

---

[1] The claims against Rockingham Venture, Inc. have been voluntarily dismissed, without prejudice.

6.    Which claims are subject to jury trial.

II.    Proposed Pretrial Schedule

The parties do not agree on all components of a proposed pre-trial schedule, as explained herein. Specifically, the parties disagree as to whether phased discovery is appropriate and are prepared to discuss the issue at the Scheduling Conference.

A.    Agreed Upon Components Of A Pre-Trial Schedule.

1.    Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), shall be completed by May 31, 2005.

2.    Expert Discovery. The parties reserve the right to designate experts. Kelly shall provide disclosure of expert testimony, as required by Fed. R. Civ. P. 26(a)(2), by November 1, 2005. Hugel shall provide disclosure of expert testimony, as required by Fed. R. Civ. P. 26(a)(2), by December 1, 2005. Any depositions of expert witnesses shall be completed by January 15, 2006.

3.    Amendments to Pleadings. All amendments and/or supplements to the pleadings shall be filed on or before December 15, 2005.

4.    Requests to Admit. Requests to admit shall be propounded by November 15, 2005 and responded to by December 31, 2005.

5.    Dispositive Motions. Any dispositive motions (not previously filed) shall be filed by January 30, 2006.

6.    At this time, the parties believe that the number and type of discovery events specified in Local Rule 26.1(C) for each side are appropriate for this case, and therefore state that, unless otherwise ordered by the Court, the number of discovery events shall be in accordance with Local Rule 26.1(C).

-2-

7.    <u>Final Pretrial Conference</u>.  A pretrial conference shall be scheduled at the later of on or after February 15, 2006, or any time on or after thirty (30) days from the date of final resolution of any dispositive motions.

B.    <u>Kelly's Proposal With Regard To Phased Discovery And Motions</u>.

1.    <u>Phase 1 Fact Discovery</u>.  In accordance with the Court's Order that the discovery plan take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for the realistic assessment of the case, Kelly proposes that the parties complete all fact discovery and depositions on the defendant's fifth affirmative defense, and counterclaim relating thereto, concerning an alleged accord and satisfaction by October 31, 2005.  That would potentially dispose of all claims and counterclaims, with the exception of Counterclaim Counts III and IV.

2.    <u>Phase 1 Dispositive Motions</u>.  The parties file dispositive motions on the accord and satisfaction issues by November 15, 2005.

3.    <u>Remaining Fact Discovery</u>.  The parties' discovery on counterclaims III and IV shall be completed by January 1, 2006.

C.    <u>Hugel's Proposed Pre-trial Schedule With Regard To Fact Discovery</u>.

1.    <u>Fact Discovery</u>.  As will be addressed at the Scheduling Conference, counsel for Hugel believe that phased discovery would needlessly complicate discovery and create significant additional expense and that the approach outlined below will be less costly and more efficient.  All fact discovery, inclusive of depositions of fact witnesses, but exclusive of requests to admit, shall be propounded no later than October 31, 2005, and responded to or otherwise completed by November 30, 2005.

III.    <u>Magistrate Judge</u>.

-3-

The parties do not consent to a trial by magistrate judge.

IV.   Settlement Conferences/Alternative Dispute Resolution.

Pursuant to Local Rule 16.1(C), Kelly has presented a written settlement proposal to Hugel. The parties expect to have settlement conferences at appropriate times during the litigation, including possible conferences with the Court. The parties may be willing to consider Alternative Dispute Resolution at a later date.

V.   Certifications.

The certifications required by Local Rule 16.1(D)(3) are attached.

BRIAN J. KELLY                              MAX HUGEL

By his attorneys,                            By his attorneys,

Christopher A. Kenney, BBO#556511           Sabin Willett, BBO#542519
Thomas Paul Gorman, BBO#204100              Rheba Rutkowski, BBO#632799
Sherin and Lodgen LLP                       Bingham McCutchen LLP
101 Federal Street                          150 Federal Street
Boston, MA 02110                            Boston, MA 02110
(617) 646-2000                              (617) 951-8000

-4-

Dated:  April 22, 2005

Certificate of Service

The undersigned certifies that he served the foregoing by causing a copy thereof to be delivered by hand/first-class mail to counsel of record this 22nd day of April, 2005.

00062958.DOC /

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN J. KELLY                    )
                    Plaintiff,    )
                                  )
v.                                )
                                  )
MAX HUGEL,                        )
                    Defendant,    )          C.A. NO. 05 10460 DPW
                                  )
and                               )
                                  )
ROCKINGHAM VENTURE, INC.,         )
                    Defendant and )
                    Reach-and-Apply )
                    Defendant.    )

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) FOR PLAINTIFF BRIAN J. KELLY

The undersigned, Brian J. Kelly and Christopher A. Kenney, counsel for Mr. Kelly, hereby affirm that Mr. Kelly and his counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation, and (b) to consider the resolution of the litigation through the use of alternative dispute resolution.

Brian J. Kelly

BRIAN J. KELLY

By his attorneys,

Christopher A. Kenney, BBO#556511
Thomas Paul Gorman, BBO#204100
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated:  April 21, 2005

00062829.DOC /

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 05-CV-10460-DPW |
| MAX HUGEL, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ROCKINGHAM VENTURE, INC., ) | |
| ) | |
| Defendant and ) | |
| Reach-and-Apply ) | |
| Defendant. ) | |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)
FOR DEFENDANT MAX HUGEL**

The undersigned, Max Hugel, and Sabin Willett, counsel for Mr. Hugel, hereby affirm that Mr. Hugel and his counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation, and (b) to consider the resolution of the litigation through the use of alternative dispute resolution.

Max Hugel

Sabin Willett, BBO# 542519
Rheba Rutkowski, BBO# 632799
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated April 18, 2005

LITDOCS:596001.1